IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-62292

JOE MYERESS,

    Plaintiff,

v.

JULIO O. AENLLE II,

    Defendant.

## COMPLAINT

Plaintiff Joe Myeress ("Plaintiff") sues defendant Julio O. Aenlle II ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Florida residing in Sarasota, Florida.

2. Defendant is an individual who is a citizen of the State of Florida residing at 1440 SW 82nd Terrace, Apt 922, Plantation, Florida 33324.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because Defendant committed a tortious act within this state and the exercise of personal jurisdiction over Defendant would not offend traditional notices of fair play and substantial justice. "Copyright infringement is a tortious act, and the Florida long-arm statute

confers jurisdiction if the effects of the infringement were felt in the state.  Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida." Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019) (citing Roberts v. Gordy, No. 13-24700-CIV, 2015 U.S. Dist. LEXIS 180644, 2015 WL 11202580, at *2 (S.D. Fla. Apr. 14, 2015)). Roof & Rack Prods., Inc. v. GYB Inv'rs, LLC, No. 13-80575-CV, 2014 U.S. Dist. LEXIS 92334, at *2 (S.D. Fla. July 8, 2014) ("Copyright infringement is a tortious act, and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state."); Venus Fashion, Inc. v. Changchun Chengji Tech. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016) ("In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted.") (collecting cases).

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

**I.  Plaintiff's Business**

6.  Plaintiff is an accomplished professional photographer with over 35 years' experience.

7.  Plaintiff served in the United States NAVY as a photographer for 5 years and was 1 of 10 chosen military photographers chosen to photograph President George H. Bush's inauguration (with some of those images now part of the National Archives).

8.  Plaintiff likewise photographed the Summit at the White House between President George H. Bush and President Mikhail Gorbachev of the Soviet Union.

9.  Over the years, Plaintiff has worked in various areas of the photo field, has won many awards, and has been published in both magazines and newspapers.

**II.  The Work at Issue in this Lawsuit**

10.  In 2009, Plaintiff created a professional photograph of the Freedom Tower at the Miami Dade College in downtown Miami, Florida, titled "IMG_0221_2_3c" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom right corner) Plaintiff's copyright management information: "Joe Myeress Photography LLC."  A copy of the Work is exhibited below.



11.     The Work was registered by Plaintiff with the Register of Copyrights on April 8, 2015 and was assigned Registration No. VA 1-955-450. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

III.    **Defendant's Unlawful Activities**

13.     Defendant markets and promotes himself on a LinkedIn page (www.linkedin.com/in/julioaenlle/), as the Manager, Digital Content & E-commerce at the Atlantis Bahamas, a resort located on Paradise Island, Bahamas.

14. Defendant's LinkedIn page features his educational and professional accomplishments while at the same time, cross-promoting his current employer, the Atlantis Bahamas.

15. On a date after Plaintiff's registration of the Work, Defendant published the Work on the following LinkedIn page:



16. Notably, Defendant utilizes the Work on the LinkedIn page's cover/profile picture, meaning it is the title image displayed at the top of the LinkedIn page and also the image displayed on other posts thereon.

17. In publishing the Work online, Defendant removed Plaintiff's copyright management information. The remaining details of the photograph, however, unequivocally show the two photographs to be the same. A true and correct copy of screenshots of the LinkedIn page, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

18. The foregoing display of the Work on the LinkedIn page was accessible and was in fact accessed from persons in the State of Florida.

19. Defendant is not and has never been licensed to use or display any of the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with the LinkedIn page or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendant on notice that the Work was not intended for public use.

20. Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's professional credentials cross-promoted with his current employer, the Atlantis Bahamas Resort.

21. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for his own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in approximately August 2021. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such

unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

23. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on his LinkedIn page.

28. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

29. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

31. According to the LinkedIn page, Defendant earned a Master of Arts in Mass Communications, Web Design and Online Communication (with distinction) from the University

of Florida, and is currently the Manager, Digital Content & E-commerce at the Atlantis Bahamas, a major hotel resort with annual revenue of $169.7 million and 7,500 employees.

32. Defendant clearly understands that professional photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet.

33. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

34. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work.

35. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

37. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: November 5, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
　　　Daniel DeSouza, Esq.
　　　Florida Bar No.: 19291
　　　James D'Loughy, Esq.
　　　Florida Bar No.: 0052700

EXHIBIT "A"

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-955-450**

**Effective Date of Registration:**
April 08, 2015

## Title

**Title of Work:**  Group Registration Photos, Joe Myeress 2009, Published approx. Jan. 03, 2009 to Nov. 07, 2009; 59 photos.

**Content Title:**  IMG_0997 (published January 03, 2009); IMG_1038b, IMG_1063, IMG_1002b, IMG_1011, IMG_1082b2, IMG_1036, IMG_1082b (published approx. January 03, 2009); IMG_0241_2_3, IMG_0384, IMG_0389, IMG_0390, IMG_0390b, IMG_0398, IMG_0405, IMG_0408, IMG_0413, IMG_0420, aaa_nite, IMG_3145, IMG_3138, blueprint, IMG_0219, IMG_0221_2_3, IMG_0221_2_3c, IMG_0240, IMG_3146 (published approx. March 01, 2009); IMG_3277_5_6b, IMG_3264 (published approx. March 21, 2009); IMG_0335b, IMG_0338 (published approx. April 01, 2009); IMG_3628 (published approx. May 16, 2009); IMG_0850, IMG_0822, IMG_0572, IMG_0850_1_2b, IMG_0834 (published approx. August 01, 2009); IMG_0959c, IMG_0991, IMG_0984b, IMG_0965, IMG_0959d_4x6 (published approx. September 01, 2009); IMG_1210b, IMG_1605b, IMG_1692, IMG_1698, IMG_1734, IMG_1800, IMG_1801, IMG_1801b, IMG_1825b, IMG_1870b, IMG_1876, IMG_1884, IMG_1916-2, IMG_1951b, IMG_1967 (published approx. October 15, 2009); IMG_2040, IMG_2117b (published approx. November 07, 2009).

## Completion/Publication

**Year of Completion:**  2009
**Date of 1st Publication:**  January 03, 2009
**Nation of 1st Publication:**  United States

## Author

- **Author:**  Joe Myeress
  **Author Created:**  photograph
  **Work made for hire:**  No
  **Citizen of:**  United States
  **Domiciled in:**  United States
  **Year Born:**  1963

## Copyright Claimant

**Copyright Claimant:**  Joe Myeress
21 St John Ct, Bogart, GA 30622, United States

**Rights and Permissions**

        Name: Joe Myeress
       Email: joemyeress@gmail.com
  Telephone: (706)202-7719
     Address: 21 St John Ct
                 Bogart, GA 30622  United States

**Certification**

                 Name: Joe G. Naylor
                  Date: April 08, 2015
Applicant's Tracking Number: USCO-00034

    Copyright Office notes: Regarding registration of multiple works: Publication date is a range from 1/3/09 to 11/7/09



EXHIBIT "B"

